## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**ALEXIS SANTIAGO-VALLE, JARQUIS DOPHUS, ROBERTA JO MERCER, MELVIN MARTINEZ, LOIS SWAINE, TIFFANY COYLE, VINCENT TAYLOR, ERICK MORALES, LUIS PARRILLA, JR , JASON W. POWER and ROBERT RAMIREZ,**

        **Plaintiffs,**

**v.**　　　　　　　　　　　　　　　　　　**Case No:   6:15-cv-715-Orl-40GJK**

**THE TRANSITION HOUSE, INC.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

    This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND TO DISMISS CASE WITH PREJUDICE (Doc. No. 28)** |
| **FILED:** | **November 6, 2015** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

## I.　　BACKGROUND.

    On May 4, 2015, Alexis Santiago-Valle filed a complaint against Defendant alleging violation of the overtime wage provision of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 207.  Doc. No. 1.  On September 30, 2015, Mr. Valle, Jarquis Dophus, Vincent Taylor, Luis

Parrilla, Jr., Roberta Jo Mercer, Tiffany Coyle, Jason W. Power, Erick Morales, Lois Swaine, Melvin Martinez and Robert Ramirez (collectively, the "Plaintiffs") filed the operative complaint (the "Complaint") against Defendant alleging violation of the overtime wage provision of the FLSA.   Doc. No. 25.   On November 6, 2015, prior to Defendant filing an answer to the Complaint, the parties filed a Joint Motion for Approval of Settlement Agreement and to Dismiss Case with Prejudice (the "Motion").   Doc. No. 28.   Instead of entering into a joint settlement agreement, each plaintiff has entered into a separate settlement agreement with Defendant.   Doc. No. 28-1.   The parties have attached each settlement agreement to the Motion (collectively, the "Agreements").   *Id*.   The parties request the Court approve their Agreements, dismiss the case with prejudice, and retain jurisdiction to enforce the terms of the settlement.   Doc. No. 28 at 3.

## II.     APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees.   First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . ..   The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.   When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53.   Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable.   *Id*.; *see also Sammons v. Sonic-North Cadillac, Inc.*, Case No. 6:07-

cv-277-Orl-19DAB, 2007 WL 2298032, at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of

FLSA claim in arbitration proceeding is not enforceable under *Lynn's Food* because it lacked

Court approval or supervision by the Secretary of Labor).    Before approving an FLSA settlement,

the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide

dispute.    *Lynn's Food Stores*, 679 F.2d at 1354-55.    If the settlement reflects a reasonable

compromise over issues that are actually in dispute, the Court may approve the settlement.    *Id*. at

1354.

       In determining whether the settlement is fair and reasonable, the Court should consider the

following factors:

1.  the existence of collusion behind the settlement;
2.  the complexity, expense, and likely duration of the litigation;
3.  the stage of the proceedings and the amount of discovery completed;
4.  the probability of plaintiff's success on the merits;
5.  the range of possible recovery; and
6.  the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994);

*Hamilton v. Frito-Lay, Inc.*, Case No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla.

Jan. 8, 2007) *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007).

The Court should be mindful of the strong presumption in favor of finding a settlement fair.    *See*

*Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

       In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee

agreements.    *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J.*

*Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net[.]")).   In *Silva*, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA.   FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.   FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted).   To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee.   *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D. Fla. 2008).

*Id.* at 351-52.[2]   In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise.   *Id.*   When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.[3]   Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to

---

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority."   11th Cir. R. 36-2.

[3] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his or her counsel.   Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

attorney's fees and costs.[4]   It is the Court's responsibility to ensure that any such allocation is reasonable.   *See Silva*, 307 F. App'x at 351-52.   In doing so, the Court uses the lodestar method for guidance.   *See Comstock v. Fla. Metal Recycling, LLC*, 2009 WL 1586604, at *2 (S.D. Fla. June 5, 2009).   As the Court interprets the *Lynn's Food* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide.   In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

An alternate means of demonstrating the reasonableness of attorney fees and costs was set forth in *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009).   In *Bonetti*, the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Bonetti*, 715 F. Supp. 2d at 1228 (emphasis added).   Judge Presnell maintained that if the matter of attorney fees "[is] addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement."   *Id*.   The undersigned finds this reasoning persuasive.

---

[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

III.    **ANALYSIS.**

    **A. Settlement Amount.**

    This case involves disputed issues of liability under the FLSA, which constitutes a bona fide dispute.   *See* Doc. Nos. 25; 28.   The parties are represented by independent counsel who are obligated to vigorously represent their clients.   Doc. No. 28 at ¶ 6.   Initially, Plaintiffs claimed they were entitled to recover the following total amounts for unpaid overtime and liquidated damages:

| Plaintiffs | Total Amount of Damages Claimed |
|---|---|
| Tiffany Coyle | $2,378.25 |
| Dolphus Jarquis | $1,395.24 |
| Melvin Martinez | $3,963.75 |
| Roberta Jo Mercer | $14,329.80 |
| Erick Morales | $591.92 |
| Luis Parilla, Jr. | $1,569.00 |
| Jason Power | $9,427.50 |
| Robert Ramirez | $6,456.06 |
| Alexis Santiago-Valle | $4,477.59 |
| Lois Swane | $6,363.50 |
| Vincent Taylor | $2,283.12 |

Doc. No. 25 at ¶¶ 6-16.   After exchanging and reviewing documentation regarding the hours Plaintiffs worked and the amounts they were paid, the parties reached a settlement.   Doc. No. 28 at ¶¶ 2, 6.

    Under the Agreements, Plaintiffs, in exchange for releasing the claims asserted in the Complaint, have agreed to accept a total settlement amount of $46,735.27, as set forth in the table below:

| Plaintiffs | Unpaid Overtime Wages | Liquidated Damages | Settlement Amount |
|---|---|---|---|
| Tiffany Coyle | $745.19 | $745.18 | $1,490.37 |
| Dolphus Jarquis | $425.45 | $425.44 | $850.89 |
| Melvin Martinez | $1,347.68 | $1,347.68 | $2,695.36 |
| Roberta Jo Mercer | $2,634.99 | $2,634.99 | $5,269.98 |
| Erick Morales | $311.82 | $311.82 | $623.64 |

| Luis Parilla, Jr. | $1,068.89 | $1,068.89 | $2,137.78 |
|---|---|---|---|
| Jason Power | $3,123.65 | $3,123.65 | $6,247.29 |
| Robert Ramirez | $2,661.10 | $2,661.10 | $5,322.20 |
| Alexis Santiago-Valle | $1,900.37 | $1,900.37 | $3,800.74 |
| Lois Swane | $2,470.20 | $2,470.20 | $4,940.40 |
| Vincent Taylor | $849.56 | $849.56 | $1,699.12 |
| | **Subtotal:** | | **$35,077.77** |
| Attorney's Fees and Costs | | | $11,657.50 |
| | **Total:** | | **$46,735.27** |

Doc. No. 28-1.   While some plaintiffs are receiving a total settlement amount greater than the total amount of damages they originally claimed, many of the plaintiffs are receiving a total settlement amount less than the total amount of damages they originally claimed.   *Compare* Doc. No. 25 at ¶¶ 6-16 *with* Doc. No. 28-1.   Despite this reduction, the parties maintain they have not compromised the total settlement amounts to be paid to those plaintiffs receiving less than the total amount of damages they originally claimed.   Instead, the parties represent "[t]he disparity between the original damages claimed . . . and what was recovered is attributable to Plaintiffs not having in their possession their respective time records."   Doc. Nos. 28 at ¶ 3; 28-1.   Thus, the parties represent each plaintiff is "receiving all compensation due and owing to them including an equal amount of liquidated damages."   *Id.*[5]   When, as in this case, a plaintiff does not compromise his or her claim, the resulting settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA.   *Natera v. Mastercorp of Tennessee, Inc.*, Case No. 6:08-cv-2088-Orl-22DAB, 2009 WL 1515747, at *2 (M.D. Fla. June 1, 2009) (finding "[f]ull recompense of the [FLSA] damage claim is *per se* fair and reasonable"); *Siena v. Morris Publ'g Grp., LLC*, Case No. 3:08-cv-491-J-32MCR, 2008 WL 4097600, at *1 (M.D. Fla. Sept. 4, 2008) (citing authority).

---

[5] All but two (2) of the Plaintiffs are receiving an equal amount of unpaid overtime wages and liquidated damages.   Doc. No. 28-1.   Specifically, Ms. Coyle and Mr. Jarquis are receiving one cent less in liquidated damages.   Doc. No. 28-1 at 1-6.   The undersigned finds this penny difference does not affect the reasonableness of the parties' settlement.

Accordingly, it is **RECOMMENDED** the Court find the amount of Plaintiffs' settlement to be fair and reasonable.

### B. Attorney's Fees and Costs.

The Agreements do not expressly address the amount to be paid to Plaintiffs' counsel.   *See* Doc. No. 28-1.   Instead, the Agreements contain an assignment of each plaintiff's attorney's fee claim to his or her counsel and the following provision:

> **8.   Attorneys' Fees.**   It is further agreed that each party shall bear their, its or his/her own costs and attorneys' fees with the exception of the terms set forth in the separately executed attorney's fee release which is incorporated herein by reference.

Doc. No. 28-1.   This provision apparently references the separately executed agreement for attorney's fees and costs (the "Fee Agreement") attached to the Motion.   Doc. No. 28-2.   Under the Fee Agreement, Plaintiffs' counsel will receive a total of $11,657.50 in attorney's fees and costs.   *Id*.   The parties represent attorney's fees and costs have been negotiated separately from that of Plaintiffs' damages claim.   Doc. No. 28 at ¶ 4.   As set forth above, the Agreements are reasonable, and the parties' representation adequately establishes that the issue of attorney's fees and costs was agreed upon separately and without regard to the amount paid to Plaintiffs.   *See Bonetti*, 715 F. Supp. 2d at 1228.   Accordingly, pursuant to *Bonetti*, it is **RECOMMENDED** the Court find the Agreements to be a fair and reasonable.

### C. Retaining Jurisdiction.

In the wherefore clause of the Motion, the parties baldly request the Court retain jurisdiction to enforce the terms of the settlement.   Doc. No. 28 at 3.   The parties provide no argument and cite no authority in support of this request.   *See* Doc. No. 28.[6]   Courts in this

---

[6] This request also conflicts with the parties' request that the case be dismiss with prejudice.   Doc. No. 28 at 3.

District routinely deny requests to retain jurisdiction to oversee and enforce the terms of an FLSA settlement agreement. *See, e.g.*, *Correa v. Goldblatt*, Case No. 6:10-cv-1656-Orl-28DAB, 2011 WL 4596224 (M.D. Fla. Sept. 9, 2011) *report and recommendation adopted*, 2011 WL 4704196 (M.D. Fla. Oct. 4, 2011); *Smither v. Dolphin Pools of SW Fla., Inc.*, Case No. 2:11-cv-65-FtM-29DNF, 2011 WL 2565494 (M.D. Fla. June 9, 2011) *report and recommendation adopted*, 2011 WL 2580459 (M.D. Fla. June 29, 2011). Given the absence of any compelling reason(s) to retain jurisdiction over this case, it is **RECOMMENDED** the Court deny the parties' request to retain jurisdiction to enforce the terms of the settlement.

IV.    **CONCLUSION.**

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 28) be **GRANTED** only to the extent that the Court finds the parties' settlement is fair and reasonable;

2. Otherwise, the Motion be **DENIED**;

3. The Court enter an order dismissing the case with prejudice; and

4. Direct the Clerk to close the case.

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

Recommended in Orlando, Florida on December 10, 2015.


GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy