UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALEXIS SANTIAGO-VALLE, et al.,

   Plaintiffs,

v.                                                       Case No:  6:15-cv-715-Orl-40GJK

THE TRANSITION HOUSE, INC.,

   Defendant.
_____

**ORDER**

This Fair Labor Standards Act case comes before the Court on the parties' Joint Motion for Approval of Settlement Agreement and to Dismiss Case With Prejudice (Doc. 28), filed November 6, 2015.  On December 10, 2015, Magistrate Judge Gregory J. Kelly issued a report recommending that the parties' joint motion be granted in part and denied in part.  (Doc. 29).  Specifically, Magistrate Judge Kelly recommends that the parties' settlements[1] be approved as fair and reasonable, that this case be dismissed with prejudice, and that the Court decline to retain jurisdiction to enforce the terms of any settlement agreement.  On December 11, 2015, the parties notified the Court that they do not object to Magistrate Judge Kelly's recommendations.  (Doc. 30).

Upon an independent de novo review of the record, the parties' settlement agreements, and Magistrate Judge Kelly's Report and Recommendation, the Court agrees that the amount of each settlement is fair and reasonable and that the amount of attorney's fees and costs to be paid to Plaintiffs' counsel is reasonable by virtue of the

---

[1]   This settlement review involves eleven separate settlement agreements.

fact that these fees and costs were negotiated separately and without regard to Plaintiffs' FLSA claims. However, the Court finds that each settlement agreement contains an impermissible confidentiality provision. Section 3 of each settlement agreement, titled "Nondisclosure," states as follows:

> The parties agree to keep the facts, terms and amount of this Settlement Agreement in strict confidence other than filing this Settlement Agreement to obtain the Court's approval of the settlement.
>
> . . . .
>
> The Plaintiff shall not disclose the terms of this Settlement Agreement to any person other than his spouse, accountant, attorneys, taxing authorities, or income tax preparer. All that the Plaintiff may divulge about the resolution of this matter, if asked, is that he cannot comment in any way on the matter. Furthermore, to the extent the Plaintiff discloses such information to his spouse, accountants, attorneys, taxing authorities, or income tax preparers, the Plaintiff agrees to require, and warrant, that the persons receiving such information will also maintain its confidentiality.

(Doc. 28-1, pp. 2, 5, 8, 11, 14, 17, 20, 23, 26, 29, 32). Section 3 further requires each Plaintiff to notify and cooperate with Defendant's counsel in the event the Plaintiff is required by law to disclose the terms of his or her settlement. (*Id.*).

A confidentiality provision in an FLSA settlement constitutes an unreasonable compromise under *Lynn's Food Stores v. United States ex rel. U.S. Department of Labor*, 679 F.2d 1350 (11th Cir. 1982). While it is understandable that an employer would seek to maintain a settlement agreement's confidentiality, and while the instant confidentiality provisions appear to make reasonable exceptions to the confidentiality requirement, confidentiality in an FLSA settlement "both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of

their FLSA rights." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010). The Court will therefore strike Section 3 of each settlement agreement as unenforceable.[2]

Accordingly, it is **ORDERED AND ADJUDGED**:

1. The December 10, 2015 Report and Recommendation (Doc. 29) is **ADOPTED IN PART** and **MODIFIED IN PART** as follows:

    a. The Report and Recommendation is **MODIFIED** to include a finding that Section 3 of Plaintiffs' settlement agreements, titled "Nondisclosure," is an impermissible and unenforceable confidentiality provision.

    b. The Report and Recommendation is otherwise **ADOPTED AND CONFIRMED** and made a part of this Order.

2. The parties' Joint Motion for Approval of Settlement Agreement and to Dismiss Case With Prejudice (Doc. 28) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. The parties' motion is **DENIED** to the extent the parties seek approval of impermissible and unenforceable confidentiality provisions in their FLSA settlement agreements. Section 3 of each settlement agreement, titled "Nondisclosure," is **STRICKEN**.

    b. The parties' motion is further **DENIED** to the extent the parties request the Court to retain jurisdiction to enforce the terms of the settlement agreements.

---

[2] The Court notes that each settlement agreement contains a severability provision which provides that, in the event a court invalidates any part of the settlement agreement, the remainder of the agreement shall continue in full force and effect.

    c.    The parties' motion is otherwise **GRANTED**. Except as to Section 3, titled "Nondisclosure," the settlement agreements (Docs. 28-1, 28-2) are **APPROVED**. This case is **DISMISSED WITH PREJUDICE**.

3. The Clerk of Court is **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on December 18, 2015.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

The Honorable Magistrate Judge
Counsel of Record